PHILLIPS *v.* ROGERS.

GILBERT, J. The evidence did not authorize the verdict, and the court erred in refusing a new trial.

*Judgment reversed. All the Justices concur.*

No. 2900. May 17, 1922.

Equitable petition. Before Judge J. B. Jones. Rabun superior court. September 27, 1921.

R. L. Rogers brought suit against Miles Phillips, alleging that they were adjoining-land owners; that the defendant had constructed a dam across a stream of water which ran through the lands of both parties; that by reason of the construction of the dam the water of the stream was caused to back on to petitioner's land "100 yards or over, filling the canal of said stream and overflowing and wetting petitioner's said land and damaging same petitioner's said water-power greatly and will damage same, when petitioner's mill and machinery are completed as are now planned and being constructed, the sum of eight hundred dollars per annum, having already damaged petitioner the sum of one hundred dollars;" that said defendant continues to back water on the lands of petitioner; also that the defendant has felled and cut timbers upon the lands of plaintiff, damaging the latter in the sum of $200 or other large sum. The prayers are, for injunction prohibiting the cutting, felling, and sawing of petitioner's timber, the entering upon his lands, backing water upon his lands; and for judgment in the sum of $300 for the damages already sustained; and for process.

The case proceeded to trial, and after the introduction of evidence the jury returned a verdict finding for the plaintiff a judgment for the sum of $25 damages, and that "Miles Phillips remove

the water which he has backed or poned on the land of R. L. Rogers, and let the creek be back to its normal state." The evidence showed, without contradiction, that the defendant Phillips purchased from the common grantor twenty-five acres of land and at the time of the purchase had a verbal agreement with said common grantor to the effect that the purchaser might build a dam across the creek four feet high, and that the purchaser should have the right to back water upon the other lands of the vendor, occasioned by such dam not exceeding the height named. Subsequently the petitioner, Rogers, purchased the adjoining lands through which the stream ran, on which the water was backed by reason of the construction of the dam. At the time of the purchase by petitioner through his agent, the backwater was observed by the purchaser, who thus took title with notice. The agent who purchased for the petitioner testified on the trial, that, before the land was purchased, he saw the water backed up on the land and knew it was there; that it backs to a depth of about one foot; that the dam had already been built, and that he knew this before he bought the land for Rogers. The plaintiff testified: " I could not say that the water has damaged me any since it has been there. It has not prevented me from developing my water-power. It is nothing but a technical damage."

*Joseph T. Davis* and *Thad. L. Bynum,* for plaintiff in error.
*McMillan & Erwin, R. E. A. Hamby,* and *W. S. Paris,* contra.